UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
IN RE APPLICATION OF CHINA CONSTRUCTION    :    23-MC-17 (JMF)
BANK (ASIA) CORPORATION LIMITED            :
FOR AN ORDER SEEKING DISCOVERY             :    MEMORANDUM OPINION
PURSUANT TO 28 U.S.C. § 1782               :         AND ORDER
                                                                       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, China Construction Bank (Asia) Corporation Limited ("CCBA") filed an *ex parte* application seeking discovery pursuant to 28 U.S.C. § 1782 ("Section 1782"), which the Court granted on January 23, 2023. ECF No. 9. On March 6, 2023, the Court granted the unopposed motion of Zhang Kangyang ("Zhang") and Suning Sports International Limited (collectively, "Intervenors") to intervene. ECF No. 13. Intervenors now move to quash the subpoenas CCBA issued pursuant to its Section 1782 application. ECF No. 27. For the reasons that follow, Intervenors' motion is DENIED, but the Court will hold a conference — after the parties meet and confer — to address the breadth of the subpoenas.

Intervenors' principal argument is that the discovery CCBA seeks is not "for use" in a foreign proceeding, as required by Section 1782. *See* ECF No. 28 ("Intervenors' Mem."), at 8; *see also Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022) (listing the statutory requirements for a Section 1782 application). In its Application, CCBA alleged that there are four pending or contemplated foreign proceedings in which it intends to use the discovery: a debtor examination of Zhang in Hong Kong; a committal proceeding against Zhang in Hong Kong; a civil proceeding in Italy to invalidate a shareholder resolution of Inter Milan Football Club, of which Zhang is the president; and a proceeding to enforce a Hong Kong

judgment against Zhang in Italy.  ECF No. 4 ("Pet.'s 1782 Mem."), at 2-3.  At least three of these proceedings qualify as foreign proceedings within the meaning of Section 1782 and the discovery CCBA seeks will plainly be of some use in each of these proceedings.

First, substantially for the reasons discussed in CCBA's opposition, *see* ECF No. 34 ("Pet.'s Opp'n"), at 15-19, the Court holds that the Hong Kong debtor examination is "adjudicative," as required to constitute a Section 1782 proceeding.  *See Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998).  Although it is a post-judgment proceeding, and a Hong Kong court has already found that Zhang is liable for a debt owed to CCBA, *see* Intervenors' Mem. 9, the debtor examination will involve judicial factfinding, *see, e.g.*, *In re YS GM Marfin II LLC*, No. 20-MC-182 (PGG), 2022 WL 624291, at *5-6 (S.D.N.Y. Mar. 2, 2022) (explaining that a post-judgment proceeding involving a court hearing at which the judgment debtor would be questioned about its assets was adjudicative).  In fact, based on the information revealed during the debtor examination, the Hong Kong court could even order Zhang to be imprisoned if it concludes that he willfully failed to satisfy the underlying judgment or failed to make complete disclosure.  *See* ECF No. 5 ("1st Ip Decl."), ¶ 39; *see also* ECF No. 5-30.[1]  Accordingly, CCBA will have "some means of actually using the evidence" it seeks in its subpoenas — including information related to Zhang's assets and his potentially unlawful dissipation of those assets, *see* Pet.'s 1782 Mem. 19-20, ECF No. 7-2 ("Wire Transfer Subpoena"), ¶¶ 1, 4 — in the Hong Kong debtor examination.  *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 122 n.11 (2d Cir. 2015); *see also In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017) (noting that, in assessing the "for use" requirement,

---

[1]     Thus, Intervenors' contention that "CCBA does not identify any ability of the [Hong Kong] court to 'seize' Mr. Zhang's assets," ECF No. 35, at 3, misses the mark.  The Hong Kong court can order the seizure Zhang *himself*.

the Second Circuit has "focused in each on the *practical ability* of an applicant to place a beneficial document . . . before a foreign tribunal"; it has "never required . . . that an applicant be pursuing a certain type of relief in that tribunal" (emphasis in original)).

Second, although CCBA had not commenced the Italian recognition proceeding at the time it filed the Section 1782 Application, Pet.'s Opp'n 20-21, the Court finds that it was "within reasonable contemplation," *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258-59 (2004), which is sufficient to satisfy the statutory requirement. In its Application, CCBA provided "some objective indicium that the action [wa]s being contemplated," and that the proceeding was not "merely speculative." *Certain Funds*, 798 F.3d at 123-24. Among other things, it identified concrete steps it had taken to initiate the proceeding: It applied for certified copies of the Hong Kong judgment and certifications stating that the judgment was final, both of which are necessary to commence the proceeding. Pet.'s 1782 Mem. 11; *see also* ECF No. 6 ("1st D'Andrea Decl."), ¶¶ 17-18. These steps are indicia that the proceeding was within reasonable contemplation. Moreover, contrary to Intervenors' arguments, the discovery CCBA seeks does not amount to a "fishing expedition." *In re Certain Funds, Accts., &/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp. LLC*, No. 14-CV-1801 (NRB), 2014 WL 3404955, at *6 (S.D.N.Y. July 9, 2014), *aff'd*, 798 F.3d 113.

It is true that courts in this District have rejected Section 1782 applications when the petitioner sought discovery to determine *whether* to initiate a collection proceeding. *See, e.g.*, *In re Asia Mar. Pac. Ltd.*, 253 F. Supp. 3d 701, 705-08 & n.6 (S.D.N.Y. 2015); *In re Sargeant*, 278 F. Supp. 3d 814, 819, 823 (S.D.N.Y. 2017). In *Asia Maritime Pacific*, for example, Judge Caproni found that the petitioner's planned attachment proceedings were not within reasonable contemplation because the petitioner admitted that it had been unable to locate the target's assets

3

through other means and, thus, needed the Section 1782 discovery to determine *whether* it could bring the attachment proceedings.  253 F. Supp. 3d at 707-08.  But the present circumstances are distinguishable.  In its Application, CCBA provided a solid factual basis for its belief that Zhang has significant assets in Italy — namely, news reports discussing his luxury assets.  1st D'Andrea Decl. ¶ 15.  Accordingly, unlike the cases Intervenors identify, *see* Intervenors' Mem. 17-19, CCBA is not deciding whether to commence a proceeding to recognize and enforce the Hong Kong judgment; instead, it has taken steps to commence that proceeding and provided factual supporting justifying its request for discovery.

The information CCBA seeks in its subpoenas is also for use in the Italian recognition proceeding.  Intervenors' argument that the proceeding is perfunctory and therefore does not require any of the subpoenaed documents, Intervenors' Mem. 18-19, is not without force, but ultimately, the Court concludes that CCBA has made a sufficient showing.  CCBA made clear in its Section 1782 application that it intended to enforce the Hong Kong judgment in Italy, Pet.'s 1782 Mem. 19, and, logically, "[t]he purpose of a recognition proceeding is to enforce the resulting judgment in Italy."  ECF No. 31 ("2d D'Andrea Decl."), ¶ 8.  At a minimum, the material sought is not "plainly irrelevant" to the contemplated proceedings.  *Certain Funds*, 798 F.3d at 120 n.7; *see also In re Arida, LLC*, No. 19-MC-522 (PKC), 2020 WL 7496355, at *6 (S.D.N.Y. Dec. 21, 2020).

Third, the Italian shareholder proceeding also qualifies, and the Court rejects Intervenors' argument that the Section 1782 Application is an attempt to circumvent Italian proof-gathering restrictions, Intervenors' Mem. 14, again substantially for the reasons CCBA articulated, Pet.'s Opp'n 14-15.  *See also Intel Corp.*, 542 U.S. at 264-65 (identifying the concern that a Section 1782 proceeding may "conceal[] an attempt to circumvent foreign proof-gathering restrictions").

4

Intervenors have not pointed to any "authoritative proof" that the Italian court would reject the subpoenaed evidence. *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995). Moreover, even if such evidence would not be discoverable in the Italian proceeding, Intervenors have failed to identify any rules or policies that are "*intended* to restrict" gathering or using the type of evidence CCBA seeks. *Fed. Republic of Nigeria*, 27 F.4th at 153 (emphasis in original); *see also In re Application for an Ord. Permitting Metallgesellschaft AG to Take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997) (holding that the mere fact that certain material would not be discoverable in the foreign proceeding is not a sufficient reason, without more, to deny a Section 1782 application). This is fatal to Intervenors' argument. Finally, the evidence sought in the subpoenas, including communications between Inter Milan FC and Zhang or his affiliates regarding his compensation, *see* ECF No. 7-1 ("Inter Milan Subpoena"), at 6-7; Wire Transfer Subpoena 3-4, 6-7, goes to the heart of the Italian shareholder proceeding, *see* 1st D'Andrea Decl. ¶¶ 13-14, 16.

For the foregoing reasons, the Court concludes that Intervenors' motion to quash the subpoenas altogether is without merit.[2] That said, the Court agrees with Intervenors that the subpoenas are overbroad. *See* Intervenors' Mem. 22-23. Specifically, the Court is skeptical of CCBA's request for communications and documents going back to January 1, 2015, *see* Inter

---

[2] Because the other three proceedings satisfy the "for use" requirement, the Court need not and does not decide whether the Hong Kong committal proceeding also qualifies. But Intervenors arguments on that score are not without force. Unlike the Italian recognition proceeding, CCBA did not identify any concrete steps it had taken to initiate the committal proceeding. *Cf.* Pet.'s 1782 Mem. 9-10 (describing the basis for the committal application, but not identifying anything CCBA had done to initiate it); *see also Certain Funds*, 798 F.3d at 124 (concluding that a proceeding was not reasonably contemplated where the petitioner had merely "retained counsel and were discussing the *possibility* of initiating litigation"). Moreover, CCBA concedes that it "would prefer to resolve this matter without resorting to" the committal proceeding, Pet.'s Opp'n 7, thus suggesting that it is not yet reasonably contemplated.

Milan Subpoena 4; Wire Transfer Subpoena 5; for *all* communications and documents concerning Inter Milan FC's incurrence of debt, equity, or other financing, or debts owed to Inter Milan FC, Inter Milan Subpoena 7; and for communications and documents relating to *all* the companies and persons listed in the Wire Transfer Subpoena.  **The parties shall promptly meet and confer in an effort to narrow the scope of the subpoenas.**  Barring agreement, the parties shall appear for a conference with the Court on **June 8, 2023, at 2:30 p.m.**  The conference will be held remotely by telephone in accordance with Rule 3.B of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key.  Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 3(B)(i), which requires the parties, **no later than 24 hours before the conference**, to send a joint email to the Court with the names and honorifics (e.g., Mr., Ms., Dr., etc.) of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

    The Clerk of Court is directed to terminate ECF No. 27.

    SO ORDERED.

Dated: June 2, 2023  
       New York, New York

                                                  JESSE M. FURMAN  
                                                  United States District Judge