UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF CHINA CONSTRUCTION BANK (ASIA) CORPORATION LIMITED FOR AN ORDER SEEKING DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 23-mc-17 (JMF) |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, China Construction Bank (Asia) Corporation Limited (the "Applicant"), as the security agent, facility agent, and note trustee for debts incurred by Zhang Kangyang in 2020 (the "2020 Debts"), filed an application (the "Application") pursuant to 28 U.S.C. § 1782 (the "Section 1782 Proceedings") seeking permission to serve subpoenas requesting discovery for use in (1) *China Construction Bank (Asia) Corporation Limited v. Suning Appliance Group Co., Ltd., et al.*, No. HCCL 4/2021; (2) the contemplated application in Hong Kong seeking an order of committal against Zhang Kangyang for contempt of court; (3) *China Construction Bank (Asia) Corporation Limited v. FC Internazionale S.p.A. & Zhang Kangyang*, Case Number 29156/2022, in the Court of Milan, Italy; and (4) the application to recognize the Hong Kong judgment filed on April 4, 2023 in the Court of Appeal of Milan, Italy (the "Foreign Proceedings");

WHEREAS, the Court entered an order granting the Application on January 23, 2023 (Dkt. No. 9) (the "Order"), and the Applicant served the subpoenas as described in the February 8, 2023 Declaration of Darryl G. Stein (Dkt. No. 10);

WHEREAS, the Order directed the parties to file a joint proposed protective order if they believe one to be appropriate or necessary;

WHEREAS, documents and information may be sought and produced that one or more of the subpoena respondents believe contains financial information, competitive information,

1

personnel information, trade secrets, or other kinds of commercially sensitive information that is confidential;

WHEREAS, the Applicant has met and conferred with the subpoena respondents who have requested entry of a protective order prior to the production of such documents and information;

WHEREAS, the Applicant and these subpoena respondents have agreed to the following terms of confidentiality, in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated and agreed among the parties and **ORDERED** that:

1. This Stipulation and Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed in response to subpoenas served in the Section 1782 Proceedings whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by any party (the "Producing Party") to any other party (the "Receiving Party"). This Stipulation and Protective Order is binding upon the parties hereto, including persons who signed a Certification in the form annexed hereto as Exhibit A, as well as such parties' respective agents, representatives, officers, and employees, and others as set forth in this Stipulation and Protective Order. The terms hereof shall be binding upon execution by the parties hereto, including persons who signed a Certification in the form annexed hereto as Exhibit A, regardless of when this Stipulation and Protective Order is so-ordered by the Court.

2. The Receiving Party shall provide a copy of all documents produced by any Producing Party to counsel for Zhang Kangyang ("Zhang") and Suning Sports International Limited's ("Suning Sports," and together with Zhang, "Intervenors"),

notwithstanding the confidentiality provisions set forth in paragraphs 9 and 10 below.

3. Any Producing Party shall, through counsel, have the right to identify and designate as "CONFIDENTIAL" any document or information it produces or provides or any testimony given in the Section 1782 Proceedings that the Producing Party believes in good faith constitutes, reflects, or discloses confidential or proprietary information.

4. The parties recognize that there may exist discrete categories of sensitive confidential or proprietary information, the disclosure of which may compromise or jeopardize the Producing Party's business interests, such that the Producing Party may consider such information to require greater limitations on disclosure than are set forth in paragraph 9 below. The Producing Party may designate such information as "HIGHLY CONFIDENTIAL," as set forth in paragraphs 5 and 10 (any information designated either as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," "Designated Material").

5. Written Designated Material produced by a Producing Party shall, where possible, be designated as such by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to at least the first page of the document and, wherever possible, each subsequent page thereof containing confidential information. Data produced in electronic form may be designated by marking the data storage medium with the appropriate legend set forth in this paragraph 5. The Producing Party shall, to the extent reasonably possible, add

the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend.

6. In the event a party challenges another party's designation of confidentiality, counsel shall make a good-faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

7. Designated Material will be held and used by the person receiving such information solely in connection with the Section 1782 Proceedings and the Foreign Proceedings, and only in any Additional Proceedings subject to the conditions set forth in Paragraph 8 below (collectively, the "Permitted Proceedings"), subject to any local rules, restrictions, orders, or other limitations in those Permitted Proceedings, and without waiver of the parties to those Permitted Proceedings to object to their use or admissibility for any reason. Except as ordered by the Court, Designated Material will not be used or employed for any other action, proceeding, or purpose whatsoever.

8. The limitations on the use of Designated Material are without prejudice to (i) an application by the Applicant to this Court to use the Designated Material in other legal proceedings and (ii) an agreement between the Applicant, Intervenors, and the Producing Party regarding the use of some or all of the Designated Material produced by that Producing Party. Before Designated Material may be used for any legal proceeding other than the Section 1782 Proceedings and the Foreign Proceedings, the Applicant shall either obtain (i) the written consent of Intervenors and the Producing Party to use Designated Material in that proceeding (an "Agreed-Upon Proceeding") or (ii) an order of this Court to use the

Designated Material in that proceeding (a "So-Ordered Proceeding," and together "Additional Proceedings").  Any application for an order of this Court to add a So-Ordered Proceeding will be on notice to Intervenors and the Producing Party, except to the extent that the Applicant seeks permission from the Court and satisfies the standards for obtaining relief on an *ex parte* basis under the applicable Local Rules of the Southern District of New York.  Nothing in this Stipulation and Protective Order shall be construed to grant the Applicant *ex ante* permission to seek *ex parte* relief.

9. All Designated Material designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The Applicant, their employees, their in-house counsel, and their counsel in the Permitted Proceedings (as well as their counsel's employees);

    b.  The Creditors with authority to instruct the Applicant in its capacity as security agent, facility agent, and note trustee for the 2020 Debts;

    c.  The Creditors' in-house counsel, outside counsel, and employees of such counsel assigned to and necessary to assist in the Permitted Proceedings;

    d.  Consultants or experts assisting in the prosecution or defense of the Permitted Proceedings, to the extent deemed necessary by counsel;

    e.  This Court (including any mediator, or other person having access to any Designated Material by virtue of his or her position with the Court);

    f.   Any court in which any of the Permitted Proceedings is pending or has been pending; and

    g.   Any other party to the Permitted Proceedings, and counsel to any such party, to the extent ordered or otherwise permitted by the relevant court, subject to paragraph 21.

10. All Designated Material designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, except:

    a.   The Receiving Party's in-house counsel, outside counsel, and employees of such outside counsel assigned to and necessary to assist in the Permitted Proceedings;

    b.   The Creditors' in-house counsel, outside counsel, and employees of such counsel assigned to and necessary to assist in the Permitted Proceedings;

    c.   Consultants or experts assisting in the prosecution or defense of the Permitted Proceedings, to the extent deemed necessary by counsel;

    d.   This Court (including any mediator, or other person having access to any Designated Material by virtue of his or her position with the Court);

    e.   Any court in which any of the Permitted Proceedings is pending or has been pending; and

    f.   Counsel for any other party to the Permitted Proceedings, to the extent ordered or otherwise permitted by the relevant court.

11. Before disclosing any Designated Material to any other person in accordance with paragraphs 9 and 10, counsel for the Applicant must

provide the person with a copy of this Stipulation and Protective Order. Before disclosing any Designated Material to any other person in accordance with paragraphs 9(b)-(d) and 10(b)-(c), counsel for the Applicant must provide the person with a copy of this Stipulation and Protective Order and require the person to sign a Certification in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Stipulation and Protective Order and will abide by its terms. Any person who signs such Certification shall be considered a party hereto for all purposes. A file of all written acknowledgments by persons who have read this Stipulation and Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms shall be maintained by counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court *in camera*.

12. If Designated Material is disclosed to any person other than in the manner authorized by this Stipulation and Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

13. The disclosure by a Producing Party of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver by the Producing Party of the right to designate such document or information. If the Producing Party subsequently

designates such document or information, the document or information shall thenceforth be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" subject to all the terms of this Stipulation and Order. The Producing Party may change the designation of a document or information at any time on notice to the Receiving Party, and the Producing Party shall supply the Receiving Party with new versions thereof that reflect updated legends. Upon request of the Producing Party, the Receiving Party shall return or destroy all versions of such document or information that reflect the previous legends.

14. Any personally identifying information (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential. When a Producing Party believes in good faith that a law, statute, or regulation limits the production of certain categories of sensitive personal information of individuals ("Protected Data"), the Producing Party may in good faith redact the Protected Data, provided that the Producing Party knows that the Protected Data relates to someone other than Zhang Kangyang or one of his affiliates or associates (e.g., the Producing Party may redact Protected Data related to its employees). Protected Data includes, for example, Social Security numbers, passport numbers, drivers' license numbers, taxpayer identification numbers, financial account numbers, credit and debit card numbers, biometric information, names of minor children, home addresses,

dates of birth, and any other information that a Producing Party believes, in good faith, requires protection under the terms of this Order. If the Receiving Party disagrees with one or more redactions made pursuant to this paragraph, the Receiving Party shall meet and confer with the Producing Party in an effort to resolve the dispute. If the parties are unable to resolve the dispute through the meet and confer process, the Receiving Party may seek relief from the Court.

15. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d), inadvertent production or disclosure of any information in this action by a Producing Party, that a Producing Party later claims should have been withheld on grounds of any privilege or protection—including but not limited to the attorney-client privilege, the work product doctrine, and the common interest and joint defense privileges, (collectively referred to hereinafter as an "<u>Inadvertently Disclosed Privileged Information</u>") will not be deemed to waive any such privilege or protection in these proceedings or in any other proceedings, including any federal or state proceeding. Instead, the Producing Party shall be entitled to assert such privilege or protection, and the information and its subject matter shall be treated as if there has been no such disclosure. Upon notification from the disclosing party that information covered by the attorney-client privilege, work product protection, or other evidentiary privilege or protection has been disclosed ("Notice of Recall"), the Receiving Party will promptly (a) return, sequester, or destroy the information and all copies of the

information in its possession; (b) return, sequester, or destroy any electronic versions from any data source or any database it maintains; (c) retrieve all electronic and paper copies provided to any nonparties, including experts; (d) return, sequester, or destroy any notes that reveal the substance of the protected information; and, (e) make no use of the information. The Receiving Party will promptly confirm in writing to the Producing Party that these steps have been taken. All rights to challenge the Notice of Recall and associated privileges shall be preserved. The Receiving Party will make no use of the information subject to the Notice of Recall, except as relates to any challenge of the Notice of Recall, unless and until any challenge to the Notice of Recall is resolved.

16. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed in any of the Permitted Proceedings under seal. The parties will, however, make their best efforts to maintain confidentiality of Designated Material while complying with the law, rules, and procedures of the Permitted Proceedings. To the extent that a court has procedures for sealing or otherwise maintaining the confidentiality of information used in that proceeding, including but not limited to this Court's Individual Rules and Practices in Civil Cases 7.C., the parties shall follow those procedures to the extent available in that court and applicable to the Designated Material that may be used therein. In the event that the Designated Material is to be used in any proceeding that does not allow

sealing and that makes filings publicly available, the Receiving Party shall notify the Producing Party no later than fourteen days before the information becomes publicly available, and the Producing Party's rights to seek intervention to prevent the filing of such Designated Material, or to request that it be kept under seal, shall be preserved.

17. Nothing contained in this Stipulation and Protective Order shall preclude any party from using its own Designated Material in any manner it sees fit, without consent of any party or the Court.

18. Nothing in this Stipulation and Protective Order constitutes an admission by any party that the Designated Material is relevant or admissible, or that any request made in the subpoenas served in the Section 1782 Proceedings is proper. Each party reserves the right to object to the use or admissibility of the Designated Material in any proceeding, or to the requests made in the subpoenas.

19. The entry of this Stipulation and Protective Order does not prevent any party from seeking a further order of the Court in accordance with Federal Rule of Civil Procedure 26(c).

20. By written agreement of the parties, or upon motion and order of the Court, the terms of this Stipulation and Protective Order may be amended or modified. This Stipulation and Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this proceeding.

21. At the conclusion of the Permitted Proceedings, Designated Material and any copies thereof shall be promptly returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.  Such retained documents shall remain subject to the terms of this Stipulation and Protective Order.

[*Remainder of Page Left Intentionally Blank*]

22. The Court shall retain jurisdiction over all persons subject to this Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Each person subject to this Stipulation and Protective Order shall be subject to the jurisdiction of the Court for all matters in connection therewith, regardless of which of the Permitted Proceedings implicates or involves such person. This paragraph shall apply to all persons who sign a Certification in the form annexed hereto as Exhibit A.

**SO STIPULATED AND AGREED.**

Dated: New York, New York
June 14, 2023

Respectfully submitted,

| KOBRE & KIM LLP | LATHAM & WATKINS LLP |
|---|---|
| /s/ Darryl G. Stein | /s/ Zachary L. Rowen* |
| Darryl G. Stein | Jason C. Hegt |
| 800 Third Avenue | Tyler M. Halloran |
| New York, New York 10022 | Zachary L. Rowen |
| T: +1 212 488 1200 | 1271 Avenue of the Americas |
| darryl.stein@kobrekim.com | New York, New York 10020 |
|  | T: +1 212 906 1200 |
| *Attorneys for Applicant CCBA* | Jason.Hegt@lw.com |
|  | Zachary.Rowen@lw.com |
|  | *Attorneys for Intervenors Zhang and Suning Sports* |

ORRICK HERRINGTON & SUTCLIFFE LLP

/s/ Nicholas Poli*
Darrell Cafasso
Nicholas Poli
Thomas Michael Garvey Jr.
51 West 52nd Street
New York, New York 10019
T: +1 212 506 5000
npoli@orrick.com
dcafasso@orrick.com
tgarvey@orrick.com

*Attorneys for Respondent Goldman Sachs*

PILLSBURY WINTHROP SHAW PITTMAN LLP

/s/ Ari M. Berman *
Ari M. Berman
31 West 52nd Street
New York, New York 10019
T: +1.212.858.1000
ari.berman@pillsburylaw.com
tyler.jack@pillsburylaw.com

*Attorneys for the Respondent The Raine Group*

KIRKLAND & ELLIS LLP

/s/ Ronald K. Anguas, Jr.*
Ronald K. Anguas, Jr.
Luke P. McGuire
601 Lexington Avenue
New York, New York 10022
T: +1 212 446 4800
ronald.anguas@kirkland.com
luke.mcguire@kirkland.com

*Attorneys for Respondent Bain & Company*

MILBANK LLP

/s/ Alexander Lees*
Alexander Lees
Alexa Savino
55 Hudson Yards
New York, New York 10001
T: +1 212.530.5000
asavino1@milbank.com
alees@milbank.com

*Attorneys for Respondent Oaktree Capital Management, L.P.*

DEWEY PEGNO & KRAMARSKY LLP

/s/ Christopher P. DeNicola*
Thomas E. L. Dewey
Christopher P. DeNicola
777 Third Avenue
New York, NY 10017
T: +1 212 943 9000
cdenicola@dpklaw.com
tdewey@dpklaw.com

*Attorneys for Respondent Lazard Ltd.*

\* *Signatures used with permission pursuant to S.D.N.Y. ECF Rule 8.5(b)*

**SO ORDERED.**

_____
Hon. Jesse M. Furman
United States District Judge

Dated:  June 15, 2023
        New York, New York

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. To the extent that the parties seek to file any of the material designated as confidential in this Court, that finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF CHINA CONSTRUCTION BANK (ASIA) CORPORATION LIMITED FOR AN ORDER SEEKING DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 23-mc-17 (JMF) |

## **CERTIFICATION**

I hereby acknowledge that, having read the Stipulation and Protective Order issued by the Court in the above-captioned action on _____, 2023, I understand the terms thereof and agree to be bound thereby. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any dispute arising out of or related to the Stipulation and Protective Order, and understand that the Court may impose sanctions for any violation of the Stipulation and Protective Order.

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the Permitted Proceedings.

DATED:

_____

NAME:

Signed in the presence of:

_____

(Attorney)